# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JONATHAN IRONS, ) | |
| ) | No. 4:21-cv-00293 |
| *Plaintiff*, ) | |
| ) | Honorable Rodney W. Sippel |
| v. ) | Chief District Judge |
| ) | |
| JOHN NESKE, *et al.*, ) | |
| ) | **JURY TRIAL DEMANDED** |
| *Defendants*. ) | |

## RESPONSE IN OPPOSITION TO DEFENDANT MORRELL'S MOTION TO DISMISS

Arthur Loevy
Jon Loevy
Anand Swaminathan
Steve Art
Makeba Rutahindurwa
LOEVY & LOEVY
311 N. Aberdeen Street, 3rd Floor
Chicago, Illinois 60607
(312) 243-5900

Plaintiff JONATHAN IRONS, by his attorneys, Loevy & Loevy, respectfully responds as follows in opposition to Defendant Richard Morrell's Motion to Dismiss (Dkt. Nos. 37, 38).

## INTRODUCTION

Irons spent 23 years of his life in prison for a crime he did not commit. Although he had nothing to do with the crime and had an unquestionable alibi, Defendants framed Irons for the burglary and shooting of Stanley Stotler. Irons alleges in this lawsuit that Defendants, among other things, concealed an exculpatory forensic report showing a different person committed the crime; manipulated the victim Stotler, who did not get a good look at the perpetrator and had suffered a brain injury in the shooting, into identifying Irons as the perpetrator using suggestive identification procedures; fabricated a story that Irons had confessed to the crime; destroyed video recordings and notes of their interrogation of Irons showing he consistently maintained his innocence; and manipulated witnesses to falsely implicate Irons in the shooting. This misconduct directly caused Irons's wrongful arrest, prosecution, and conviction. After fighting his wrongful conviction for more than half his life, Irons's conviction was vacated and all charges dropped in 2020.

All Defendants have answered, Dkts. 25, 29, 39, 40, except for Defendant Morrell, who moves to dismiss all claims against him, Dkts. 37, 38. Morrell asserts that various of Irons's claims are untimely, that they are not plausibly pleaded, and that he is entitled to qualified immunity. To the extent that he has preserved arguments, his arguments lack merit. Morrell mischaracterizes and attempts to contest the facts of the complaint, which is inappropriate at this stage of the case. He ignores binding Supreme Court and Eighth Circuit precedents governing Irons's established constitutional claims. He misstates Missouri law governing Irons's state-law claims for intentional infliction of emotional distress (IIED) and civil conspiracy. All of Irons's

2

claims are timely, they are plausibly pleaded and deeply rooted constitutional claims, and Morrell is not entitled to immunity. This Court should deny Morrell's motion to dismiss.

## ARGUMENT

"Courts must liberally construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007). "To survive a motion to dismiss for failure to state a claim, the complaint must show the plaintiff 'is entitled to relief,' FED. R. CIV. P. 8(a) (2), by alleging 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *In re Pre-Filled Propane Tank Antitrust Litigation*, 860 F.3d 1059, 1603 (8th Cir. 2017). All reasonable inferences must be drawn in favor of the non-moving party. *See*, *e.g.*, *Loftness Specialized Farm Equip., Inc. v. Twiestmeyer*, 742 F.3d 845, 854 (8th Cir. 2014).

### I.     Morrell Improperly Mischaracterizes the Complaint and Contests Facts

Before addressing Morrell's particular arguments, it is important to note that each of his arguments depends in large part on mischaracterizations of the complaint, and an effort to contest the facts, largely by claiming that he was uninvolved in the Stotler investigation and Irons's wrongful prosecution and conviction. *See, e.g.*, Dkt. 38 at 2 (mischaracterizing the complaint and wrongly stating that three facts are "[t]he only facts alleged pertaining to Defendant Morrell"). Morrell's approach is flatly improper at this stage of the case, where the complaint must be taken as true and construed in Irons's favor. *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993) ("Civil rights pleadings are construed liberally" and in the light most favorable to the plaintiff); *Harvey v. Great Circle*, No. 4:19-CV-902-NAB, 2019 WL 5579355, at *4 (E.D. Mo. Oct. 29, 2019) (same). Properly read, the complaint plausibly pleads that Morrell

3

participated in a wide array of misconduct to frame Irons, individually and in a joint effort with the other Defendants.

Irons alleges that Morrell was part of the O'Fallon Police Department's investigative team that investigated the Stotler shooting jointly with the St. Charles County Sheriff's Department. Irons alleges that Morrell not only committed misconduct himself, but also did so in coordination with the other Defendants, all of whom were part of the investigative team that was sharing information throughout the case. Dkt. 1 ¶¶ 17, 20. To the extent that Irons alleges that all Defendants collectively engaged in certain misconduct, those allegations are directed against Morrell as well. *Braden v. Wal-Mart Stores*, Inc., 588 F.3d 585, 594-95 (8th Cir. 2009) (Complaints "should be read as a whole" to determine whether they put defendants on sufficient notice of the claims against them); *BancorpSouth Bank v. Env't Operations, Inc.*, No. 4:11CV9 HEA, 2011 WL 4815389, at *2 (E.D. Mo. Oct. 11, 2011) (defendant was put on notice of the claim against it where the complaint alleges that "all defendants engaged in the activities"); *Starks v. City of Waukegan*, 946 F. Supp. 2d 780, 786 (N.D. Ill. 2013) (plaintiff provided Rule 8(a) notice and "the fact that some paragraphs of the complaint refer to 'the Defendants' rather than listing each defendant's name does not require dismissal").

After Stotler was shot in the head by an intruder, Morrell and other Defendants learned that Irons had been in the neighborhood and decided he was a suspect. Dkt. 1 ¶¶ 31-34. Morrell knew Defendants had collected three fingerprints from the front storm door; that one belonged to the likely perpetrator; and that Irons did not match any of the prints. *Id.* ¶¶ 5-6, 42-49. Defendants suppressed this information throughout the criminal case, and "in concert" they doctored a forensic report that omitted the existence of the exculpatory print. *Id.* Moreover, Defendants used unduly suggestive identification procedures to obtain false identifications of

4

Irons from Stotler which they knew were false, and they caused those fabricated identifications to be used against Irons during his criminal case. *Id.* ¶¶ 7, 51-65, 106.

Morrell and Defendant Hanlen also interrogated Irons after his arrest. *Id.* ¶¶ 8, 66-77. Morrell physically abused Irons in an effort to extract a false confession from him, but Irons resisted his efforts, denying any involvement in the shooting. *Id.* Morrell videotaped the entire exchange. *Id.* Hanlen took notes during Irons's interrogation. *Id.* Throughout the criminal case, Morrell and Hanlen suppressed these records of their interviews, their abuse of Irons, and of Irons's consistent denials of guilt. *Id.* Instead, Morrell and Hanlen wrote false reports claiming Irons had confessed. *Id.* And Defendants manipulated witnesses and wrote additional false reports to bolster the case against Irons. *Id.* ¶¶ 74-77.

Based on this fabricated evidence, including Irons's fabricated confession, Irons was arrested, charged, prosecuted, and convicted of the Stotler shooting. *Id.* ¶ 9, 78-86. Throughout, Defendants suppressed evidence that would have exonerated Irons. *Id.* Decades later, that information was revealed, Irons's conviction was vacated, and on July 1, 2020, the state dropped all charges against him. *Id.* ¶¶ 10, 98-101.

Irons timely filed suit less than a year later on March 8, 2021. Dkt. 1. He alleges that Morrell, through his actions and jointly with other Defendants, fabricated evidence that was used against Irons in his criminal case and deprived him of liberty, in violation of his right to due process. *Id.* ¶¶ 102-112 (Count I). Morrell and others also suppressed exculpatory and impeachment evidence and destroyed evidence, violating due process. *Id.* (Count I). They caused Irons to be seized and criminally prosecuted without probable cause, in violation of the Fourth and Fourteenth Amendments. *Id.* ¶¶ 113-118 (Count II). Morrell failed to intervene to prevent the violation of Irons's rights, *id.* ¶¶ 119-123 (Count III); he conspired with other Defendants to

5

frame Irons for the shooting, *id.* ¶¶ 124-131 (Count IV); and Irons brings state-law claims for malicious prosecution, IIED, and civil conspiracy, *id.* ¶¶ 154-168.

## II. Plaintiff's Due Process Claims Are Adequately Pleaded

Morrell first argues that Plaintiff's due process claims—which are based on both the suppression of evidence and the fabrication of evidence—should be dismissed. Dkt. 38 at 3-7. For starters, Morrell makes no argument at all for dismissal of the evidence suppression claim, but acknowledges Plaintiff's allegations that Morrell suppressed material exculpatory and impeachment evidence, and so any such argument is now forfeited and cannot be raised for the first time in reply. *See Refrigeration Supplies, Inc. v. Acadia Ins. Co.*, No. 4:19 CV 2210 RWS, 2020 WL 905802, at *1 (E.D. Mo. Feb. 25, 2020) (noting an argument raised for the first time in a reply "would ordinarily prompt the Court to disregard it"); *Westfield, LLC v. IPC, Inc.*, No. 4:11CV155 JCH, 2012 WL 1205794, at *2 n.1 (E.D. Mo. Apr. 11, 2012) (declining to address argument raised for first time in reply). Indeed, Plaintiff has pleaded strong suppression theories, and on that basis alone this Court should deny the motion to dismiss the due process claims.[1]

Similarly forfeited is Morrell's qualified immunity argument that the due process law governing Irons's fabrication claim was not clearly established. Other than setting out the general framework governing the qualified immunity analysis, Morrell does not address the law governing fabrication whatsoever, and he does not explain how the law was unclear that it was

---

[1] For example, Irons alleges that Defendants, including Morrell, suppressed information about the fingerprint found at Stotler's home that likely belonged to the perpetrator, and doctored a forensic report omitting this information. Dkt. 1 at ¶¶ 5-6, 42-49. He also alleges that Morrell and Hanlen suppressed records and notes of their interviews with Irons, their abuse of Irons, and of Irons's consistent denials of guilt. *Id* ¶¶ 8, 66-77. And he alleges that Defendants deliberately withheld exculpatory information from Plaintiff, his counsel, and the prosecutors, including that the sole eyewitness was fed information to secure an identification, that Plaintiff's alleged confession was entirely made up, and that Defendants fabricated police reports, among other things, to mislead and cause the wrongful prosecution of Plaintiff. *Id.* ¶ 107; *See generally* Dkt. 1. It has long been held that the suppression of exculpatory evidence, as alleged in Irons's complaint, constitutes a due process violation. *Kyles v. Whitley*, 514 U.S. 419, 434 (1995); *Clemmons v. Delo*, 124 F.3d 944, 951 (8th Cir. 1997).

6

unconstitutional to fabricate evidence for use in criminal proceedings. *United States v. Stuckey*, 255 F.3d 528, 531 (8th Cir. 2001) (courts "regularly decline to consider cursory or summary arguments."); *Montgomery v. Regions Bank, Inc.*, No. 4:19-CV-03187-SPM, 2020 WL 4732049, at *4 (E.D. Mo. Aug. 14, 2020) ("The Court need not consider arguments in support of a motion to dismiss that are undeveloped or unsupported by authority."); E.D. Mo. L. R. 4.01(A).

Regardless, Morrell's arguments for dismissal of the fabrication claims lack merit. The law governing these claims was firmly established in 1997. And Morrell's factual argument that his fabrications were not used in Plaintiff's criminal case is a blatant mischaracterization of the complaint, an improper attempt to contest the facts at the pleading stage, and factually incorrect.

### A. Plaintiff Plausibly Pleads Fabrication Theories Against Morrell

Law enforcement officials violate the due process clause of the Fourteenth Amendment to the United States Constitution when they intentionally "manufacture false evidence." *See, e.g.*, *Livers v. Schenck*, 700 F.3d 340, 354-55 (8th Cir. 2012); *Wilson v. Lawrence Cnty.*, 260 F.3d 946, 954 (8th Cir. 2001) ("If officers use false evidence, including false testimony, to secure a conviction, the defendant's due process is violated."). Due process is violated when false evidence is used at a criminal trial and when the evidence is "used to deprive the defendant of [his] liberty in some way" prior to trial. *Winslow v. Smith*, 696 F.3d 716, 735 (8th Cir. 2012); *see also McDonough v. Smith*, 139 S. Ct. 2149, 2155 (2019).

Here, Plaintiff alleges that Defendant Morrell, acting individually, jointly, and in conspiracy with the other Defendants, fabricated and solicited false evidence, including false witness statements, fabricated police reports, and other evidence falsely implicating Plaintiff in the crime, obtained charges against Plaintiff, and secured Plaintiff's conviction using that false evidence. Dkt. 1 ¶¶ 104, 43-50, 67-73, 74-77. Plaintiff also alleges Defendants used unduly

7

suggestive identification procedures to obtain false and unreliable identifications from Stotler, which they knew to be false, and caused those fabricated identifications to be used at Plaintiff's trial. *Id.* ¶¶ 51-65, 106. Accordingly, contrary to Morrell's mischaracterization of the complaint, Plaintiff alleges that Morrell fabricated more than just a false confession. And Plaintiff alleges that Morrell's fabrications were used to arrest, charge, prosecute, and convict Plaintiff of a crime he did not commit. *Id.* ¶¶ 109. Plaintiff was wrongfully incarcerated for over 23 years as a result of Defendants' egregious misconduct. *Id.* ¶ 1-2, 10-11. These facts demonstrate that Plaintiff has more than sufficiently alleged that Morrell fabricated evidence used to wrongly arrest, prosecute, and convicted Irons, violation his right to due process.²

**B.     Morrell is Not Entitled to Qualified Immunity on the Fabrication Theories**

Again, Morrell's argument that he is entitled to qualified immunity is unsupported and conclusory, and it is therefore forfeited. *Stuckey*, 255 F.3d at 531. In addition, while Morrell argues that the law was not clearly established in 1997 that fabricating false evidence violated due process, Dkt. 38 at 3-7, he relegates to a footnote the Eighth Circuit decision in *Winslow*, 696 F.3d at 738, which holds that this right was clearly established by 1989 at the latest, Dkt. 38 at 7 n.2. That is enough to deny qualified immunity. Additional Supreme Court and other Eighth Circuit precedent prior to 1997 leave absolutely no doubt that Morrell's fabrication of a false confession, false reports, a false identification, and other false evidence that was used to arrest, charge, prosecute, and convict Irons violated due process. *See, e.g.*, *Pyle v. State of Kansas*, 317 U.S. 213, 216 (1942) (fabricated testimony and suppression of favorable evidence constitute due

---

² Defendant Morrell's relies on non-binding authority, *Hennick v. Bowling*, 115 F. Supp. 2d 1204 (W.D. Wash. 2000), to argue that his conduct did not deprive Plaintiff of his liberty. To start, that case involved only a false arrest. Further, the court acknowledged that fabricated evidence could result in a due process violation but found that the plaintiff suffered no deprivation of liberty where officers had probable cause independent of the alleged fabricated evidence to arrest him, and where the fabrications were not used at trial. *Id.* at 1208-09. Here, Plaintiff alleges that Defendants arrested, detained, and prosecuted him solely on false and fabricated evidence, and thus without probable cause. Accordingly, *Hennick* is inapposite.

8

process violations); *Napue v. Illinois*, 360 U.S. 264, 269 (1959) (use of false evidence violates due process); *Banks v. Dretke*, 540 U.S. 668, 694 (2004) ("It has long been established that the prosecution's deliberate deception of a court and jurors by the presentation of known false evidence is incompatible with rudimentary demands of justice.") (quoting *Giglio v. United States*, 405 U.S. 150, 153 (1972)); *Wilson*, 260 F.3d at 949, 954-55, 956 n.8 (clearly established in 1986 that fabricating evidence to secure conviction violates due process); *Winslow*, 696 F.3d at 738. As such, Defendant's motion to dismiss Plaintiff's fabrication theories on qualified immunity grounds should be denied.

### III. Plaintiff's Claims Are Timely

Morrell improperly argues that Plaintiff's claims for illegal detention during the criminal proceedings, in violation of the Fourth and Fourteenth Amendments, are time barred. Dkt. 38 at 9-10. However, that argument contradicts the Supreme Court's holding in *McDonough*. Morrell also argues that Plaintiff's state law claims for IIED and civil conspiracy are untimely. *Id.* at 18-19. But, just as with Plaintiff's federal claims, because Plaintiff's state law claims necessarily call into question the validity of the underlying criminal proceedings against him, Plaintiff could not have brought any of his state law claims until the conviction was overturned and his charges were dropped. All of Plaintiff's claims accrued when the criminal charges against him were finally dropped on July 1, 2020, and this lawsuit was filed well within the statute of limitations.

#### A. Plaintiff Timely Brings an Illegal Detention and Prosecution Claim

Where a plaintiff's claims "challenge the validity of the criminal proceedings against him," the statute of limitations "does not begin to run until the criminal proceedings against the defendant (i.e., the § 1983 plaintiff) have terminated in his favor." *McDonough v. Smith*, 139 S. Ct. 2149, 2155, 2158 (2019). In *McDonough*, the petitioner sued a government official under 42

9

U.S.C. § 1983 for fabrication of evidence after he was tried twice with allegedly false evidence and then acquitted. The U.S. Supreme Court held that his fabrication of evidence claims accrued with the "favorable termination of his prosecution," which was his acquittal after the second trial, and not at any earlier point. *McDonough*, 139 S. Ct. at 2156.

Other circuits have specifically addressed *McDonough's* holding and found that "no section 1983 claim could proceed until the criminal proceeding ended in the defendant's favor or the resulting conviction was invalidated within the meaning of *Heck* [*v. Humphrey*, 512 U.S. 477 (1994)]." *Savory v. Cannon*, 947 F.3d 409, 418 (7th Cir. 2020); *see also Jordan v. Town of Waldoboro*, 943 F.3d 532, 545 (1st Cir. 2019) ("[A] plaintiff cannot bring a section 1983 fabricated-evidence claim that is analogous to the common-law tort of malicious prosecution prior to favorable termination of the prosecution." (brackets and internal quotations omitted)); *Ashley v. City of New York*, 992 F.3d 128, 140 (2d Cir. 2021) (same); *Roberts v. City of Fairbanks*, 947 F.3d 1191, 1208 (9th Cir. 2020), *cert. denied sub nom. City of Fairbanks, Alaska v. Roberts*, No. 20-711, 2021 WL 850629 (U.S. Mar. 8, 2021) (same). And district courts in this Circuit have acknowledged that *McDonough's* favorable termination rule applies to cases involving malicious prosecution and fabrication of evidence. *See Robinson v. City of Sikeston, Missouri*, No. 1:19CV41 RLW, 2020 WL 588606, at *5 (E.D. Mo. Feb. 6, 2020) (citing to *McDonough* and finding plaintiff's constitutional claims based on fabricated evidence were timely where his conviction was vacated in May 2018 and he filed his lawsuit less than a year later); *Blakeney v. City of Pine Lawn, Missouri*, No. 4:19-CV-02017-SNLJ, 2020 WL 4569175, at *10 (E.D. Mo. Aug. 7, 2020) (noting *McDonough's* rule avoids allowing collateral attacks on criminal judgments "which simply is not allowed by federal or state law"). All courts have thus

faithfully applied *McDonough* and held that these claims accrue with the final termination of the criminal proceeding.

Plaintiff's case is controlled by *McDonough* because his constitutional claims necessarily challenge the validity of the criminal proceedings against him.[3] Plaintiff alleges that Defendants fabricated evidence and deliberately withheld exculpatory evidence in order to perpetuate criminal proceedings against him without probable cause, resulting in his wrongful detention and prosecution in violation of his rights secured by the Fourth and Fourteenth Amendments. Because any lawsuit challenging the fabricated evidence used to detain, prosecute, and convict Plaintiff would necessarily impugn his criminal proceeding, *McDonough* controls and Plaintiff could not have initiated his civil case until after the charges against him were dropped in July 2020. Plaintiff filed his complaint less than a year later on March 8, 2021. *See* Dkt. 1. Accordingly, each of Plaintiff's constitutional claims brought pursuant to 42 U.S.C. § 1983 are timely.[4]

### B. Plaintiff's IIED and Civil Conspiracy Claims Are Not Time Barred

The same reasoning described above with respect to Plaintiff's federal claims applies to the timeliness of Plaintiff's state law claims. Defendants' unlawful acts in violation of state law necessarily call into question the validity of the criminal proceeding and thus could not have been brought prior to his acquittal. A contrary holding would produce absurd results. For example, imagine if Plaintiff had filed a civil conspiracy claim against Defendants at the same

---

[3] Plaintiff is not alleging a claim of false arrest prior to legal process. Instead, Plaintiff—like the plaintiff in *McDonough*—alleges an illegal detention after legal process, in violation of the Fourth and Fourteenth Amendments. Thus, to the extent Defendant Morrell argues that Plaintiff's allegations against him are analogous to a false arrest claim, he continues to misconstrue Plaintiff's complaint.Plaintiff concedes that a false arrest claim of the kind discussed in *Wallace v. Kato*, 549 U.S. 384 (2007) would be untimely as that claim accrued in 1997, but that is not the claim Plaintiff has brought.
[4] Plaintiff is not bringing an excessive force claim in this case and so any of Morrell's arguments about the timeliness of excessive force claims can be ignored.

time as his criminal proceedings based on their malicious prosecution of him. To prevail, Plaintiff would have to prove that Defendants had an unlawful objective, conspired to commit an unlawful act, and actually committed at least one act in furtherance of the conspiracy, *see W. Blue Print Co., LLC v. Roberts*, 367 S.W.3d 7, 22 (Mo. 2012). Doing so would require a showing that Defendants fabricated evidence and falsified reports to frame Plaintiff for the crime, and thus Plaintiff's civil suit "would permit a collateral attack" on the charges for which Plaintiff was prosecuted and convicted. *Blakeney*, 2020 WL 4569175, at *10. Defendant Morrell's position that Plaintiff should have brought his claims prior to his conviction being vacated would force Plaintiff into "an untenable choice between (1) letting [his] claims expire and (2) filing a civil suit against the very person who is in the midst of prosecuting [him]." *McDonough*, 139 S. Ct. at 2158.

Further, under Missouri law, state law tort claims that, if successful, would be inconsistent with ongoing criminal proceedings or an existing conviction are barred from being brought. *Anton v. Police Ret. Sys. of St. Louis*, 925 S.W.2d 900, 906 (Mo. Ct. App. 1996) ("[I]f a conviction is obtained, there is generally no cause of action for malicious prosecution of the criminal case because an essential element of the tort is that the case alleged to have been wrongfully prosecuted be terminated in the plaintiff's favor."). Accordingly, claims for malicious prosecution, civil conspiracy, and intentional infliction of emotional distress accrue "when the underlying proceeding is terminated in the plaintiff's favor." *Linn v. Moffitt*, 73 S.W.3d 629, 633 (Mo. Ct. App. 2002). Here, Plaintiff filed his complaint less than a year after his underlying proceeding was terminated in his favor, so his claims are timely. *See* Mo. Stat. § 516.120 (five-year limitations period for personal injury); *Crest Constr. II, Inc. v. Hart*, 487 S.W.3d 85, 90 (Mo. Ct. App. 2016) (applicable Missouri statute of limitations for civil conspiracy is five years).

12

In sum, Plaintiff timely brings his claims against Defendants and the Court should deny Morrell's motion on statute of limitations grounds.

### III.  Plaintiff Plausibly Pleaded an Illegal Detention and Prosecution Claim

Plaintiff's illegal detention claim perfectly mirrors the conduct described in *McDonough* and *Manuel v. City of Joliet*, 137 S. Ct. 911 (2017). Like the plaintiffs in McDonough and Manuel, Plaintiff alleges that Defendants' fabrication and suppression of evidence caused his illegal pre-trial detention and prosecution. Thus, any contention that Plaintiff fails to state a claim is a nonstarter. In addition, Morrell again mischaracterizes the complaint by arguing Morrell's conduct had no effect on Plaintiff's criminal case. Dkt. 38 at 8. This argument thus lacks merit. *See supra* Section I.

Defendant Morrell spends most of his argument focusing on whether there is a claim called "federal malicious prosecution" in the Eighth Circuit. Dkt. 38 at 10-11. This Court need not resolve that issue. At this stage, the title of Plaintiff's claim should be irrelevant. Plaintiff is not required to plead legal theories, let alone predict how the Supreme Court or courts of appeals will characterize particular claims in the future. *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014) (noting that a court is "under a duty to examine the complaint to determine if the allegations provide for relief on any possible theory" (citation omitted)). What is clear after *McDonough* is that the Supreme Court has permitted claims for illegal detention under the Fourth Amendment (in *Manuel*) and the due process clause of the Fourteenth Amendments (in *McDonough*).

"[P]retrial detention can violate the Fourth Amendment not only when it precedes, but also when it follows, the start of legal process in a criminal case." *Manuel v. City of Joliet*, 137 S.

Ct. 911, 918 (2017). Accordingly, officers cannot detain an individual without probable cause, and where a judge or jury's probable cause determination is based on false statements or fabricated evidence, a Fourth Amendment violation occurs. *Manuel*, 137 S. Ct. at 918-19. Further, due process is violated when false evidence is used to cause a pre-trial deprivation of liberty. *McDonough*, 139 S. Ct. 2155.

Plaintiff adequately alleges that Defendants, including Morrell, initiated criminal proceedings against him and detained him without probable cause. As already described, Plaintiff details Defendant Morrell and the other Defendants' conduct that led to his illegal detention. *See supra*, Section I. The facts described in Plaintiff's complaint belie Morrell's argument that Plaintiff failed to allege that Morrell's actions resulted in Plaintiff's detention and prosecution without probable cause. Thus, under *Manuel* and *McDonough*, Plaintiff has adequately alleged Fourth and Fourteenth Amendment violations and Morrell's motion to dismiss this claim should be denied.[5]

## IV. Plaintiff Adequately Alleges Defendant Morrell's Involvement in the Conspiracy

Defendant Morrell argues that Plaintiff's allegations against him are "isolated to a separate interrogation of Plaintiff after Plaintiff's arrest on January 21, 1997." Dkt. 38 at 13 (brackets and quotes omitted). He argues Plaintiff's conspiracy allegations are conclusory and a mere recital of the elements of the claim. *Id.* And he argues that because he is entitled to qualified immunity on Plaintiff's "malicious prosecution" and failure to intervene claims, he is

---

[5] Just as Morrell is not entitled to qualified immunity on Plaintiff's due process claim, he is similarly not entitled to qualified immunity on Plaintiff's illegal detention claim because Morrell knew or reasonably should have known that he could not detain and initiate criminal proceedings against a person based on fabricated evidence. And as the Supreme Court explained in *Manuel*: "This Court decided some four decades ago that a claim challenging pretrial detention fell within the scope of the Fourth Amendment." 137 S. Ct. at 917.

also entitled to qualified immunity on any conspiracy claim. *Id.* at 14. For the following reasons, Morrell's motion to dismiss this claim should be denied.

To state a claim for conspiracy under § 1983, a plaintiff must allege: "(1) that the defendants conspired with others to deprive him of constitutional rights; (2) that at least one of the alleged co-conspirators engaged in an overt act in furtherance of the conspiracy; and (3) that the overt act injured him." *Holmes v. Slay*, 895 F.3d 993, 1001 (8th Cir. 2018) (quoting *Bonenberger v. St. Louis. Metro. Police Dep't*, 810 F.3d 1103, 1109 (8th Cir. 2016)). "The question of the existence of a conspiracy to deprive [a plaintiff] of [his] constitutional rights should not be taken from the jury if there is a possibility the jury could infer from the circumstances a meeting of the minds or understanding among the conspirators to achieve the conspiracy's aims." *White v. McKinley*, 519 F.3d 806, 816 (8th Cir. 2008) (internal quotation and citation omitted).

Here, Plaintiff has adequately alleged a conspiracy among Morrell and the other Defendants to deprive Plaintiff of his constitutional rights and to frame him for the Stotler shooting. Specifically, Plaintiff alleges that Morrell (and other Defendants) worked in concert with Defendant Lutkenahus to fabricate a false forensic report and suppress the original exculpatory report. Dkt. 1 ¶¶ 44-49. Plaintiff also alleges that Morrell conspired with the other Defendants to obtain a fabricated identification from Stotler, who was suffering from a brain injury, and who could not identify his shooter without Defendants' misconduct. *Id.* ¶¶ 51-65. In furtherance of this conspiracy, Morrell also fabricated a report stating that Plaintiff confessed to the crime, which was entirely untrue. *Id.* ¶¶ 66-68, 72-73. Plaintiff alleges that Morrell and the other Defendants coerced and manipulated witnesses and wrote fabricated reports falsely documenting their interviews with witnesses to further bolster their case against Plaintiff, and

15

suppressed statements from witnesses that contained evidence of Plaintiff's innocence. *Id.* ¶¶ 74-77. And he alleges that Defendants committed other unlawful acts that are not yet known to him to further this conspiracy. *Id.* ¶¶ 77,86. In sum, Morrell is not entitled to dismissal because Plaintiff adequately pleads a federal conspiracy claim.[6]

**V.     Plaintiff Alleges a Failure to Intervene Claim against Morrell**

Morrell moves to dismiss Plaintiff's failure to intervene claim based on qualified immunity because the Eighth Circuit has not recognized an officer's duty to intervene outside the excessive force context. Dkt. 38 at 12. However, courts have permitted failure to intervene claims based on the failure to prevent constitutional violations. *See, e.g.*, *Rheault v. City of Fargo*, No. 3:12-CV-21, 2013 WL 3229909, at *10 (D.N.D. June 25, 2013) (analyzing claim under assumption that the officer had a duty to intervene in circumstances other than the excessive force context); *Gagnon v. Ball*, 696 F.2d 17, 21 (2d Cir. 1982) (officer liable for failing to intervene in false arrest); *Hyung Seok Koh v. Graf*, 307 F. Supp. 3d 827, 850 (N.D. Ill. 2018) (failure to intervene in false arrest context). Further courts in this district have agreed that it is premature to determine at the pleadings stage that a plaintiff will not be able to overcome the qualified immunity hurdle. *See Taylor ex rel. Taylor v. Isom*, No. 4:11-CV-1351 CAS, 2013 WL 1867106, at *4 n.3 (E.D. Mo. May 2, 2013) (noting that the Eighth Circuit "has stated that qualified immunity is usually determined on motions for summary judgment"). Accordingly, the Court should permit Plaintiff to pursue his failure to intervene claim against Defendant Morrell.

**VI.    Plaintiff's State Law Claims Are Plausibly Alleged**

---

[6] For reasons already identified above, Defendant Morrell's one line on why he is entitled to qualified immunity should not be considered. *Stuckey*, 255 F.3d at 531; E.D. Mo. L. R. 4.01(A). Further, any reasonable officer would have known that entering into a conspiracy to frame an innocent person for a crime by fabricating evidence, manipulating witnesses, and suppressing exculpatory information would be unconstitutional. *See supra* Section II(B).

16

Morrell's argument that Plaintiff fails to state a claim for malicious prosecution is based on an inappropriate mischaracterization of the allegations against him. Further, Morrell misstates Missouri law governing Plaintiff's state-law claims for intentional infliction of emotional distress (IIED) and civil conspiracy. Accordingly, Morrell's motion to dismiss Plaintiff's state law claims should be denied.

### A. Plaintiff States A Malicious Prosecution Claim

"To establish a prima facie claim for malicious prosecution, a party must plead and prove six elements: (1) commencement of an earlier suit against the party; (2) instigation of that suit by the adverse party; (3) termination of the suit in the party's favor, (4) lack of probable cause for filing the suit; (5) malice by the adverse party in initiating the suit; and (6) damage sustained by the party as a result of the suit." *State ex rel O'Basuyi v. Vincent*, 434 S.W.3d 517, 519 (Mo. 2014). A plaintiff can bring a claim of malicious prosecution against a police officer. *Copeland v. Wicks*, 468 S.W.3d 886, 889-90 (Mo. 2015) (analyzing malicious prosecution claim against detective); *see also Meadowfresh Sols. USA, LLC v. Maple Grove Farms, LLC*, 586 S.W.3d 329, 352 (Mo. Ct. App. 2019) (noting any individual may be liable for malicious prosecution if he or she suppl[ies] false information to the prosecuting official").

Morrell makes a cursory argument that Plaintiff fails to demonstrate that Morrell's actions caused his injuries. *See* Dkt. 38 at 14 ("There is no allegation the confession was shown to a grand jury or to a jury in the criminal proceedings, or that such conduct otherwise caused Plaintiff's incarceration or conviction."). However, without reiterating Plaintiff's allegations further, Plaintiff alleges that his malicious prosecution and wrongful conviction was a result of Morrell's misconduct, *i.e.*, the fabricated evidence and reports, the concealed exculpatory

17

evidence, and the coerced witness statements and identifications. The fact that Plaintiff does not specifically identify Morrell by name in each allegation does not detract from the allegations and claims against him when reading the Complaint as a whole. *See supra* Section I.

Here, Plaintiff satisfies each element of a malicious prosecution claim by alleging (1) Defendants initiated criminal proceedings against him, (2) without probable cause and (3) with malice, (4) which resulted in a decades long wrongful conviction. Plaintiff also alleges that the proceeding eventually terminated in his favor and that he was injured as a result (over 20 years of wrongful incarceration). The Court should deny Morrell's motion to dismiss this claim..

### B.  Plaintiff States A Missouri IIED Claim

Morrell argues that Plaintiff cannot pursue an IIED claim under Missouri law because he has pleaded a malicious prosecution claim. Dkt. 38 at 17-18. None of the cases Morrell cites supports the proposition that Plaintiff is prohibited from pleading alternative theories under Rule 8(d). Moreover, Missouri law does not hold that a claim of malicious prosecution displaces an IIED claim. Considering a similar argument recently, a court in this district held:

> This contention has no merit. Under Missouri law, the torts of intentional and negligent infliction of emotional distress are "intended to supplement existing forms of recovery," provided that the elements of such claims are adequately pled. *See Sansonetti v. City of St. Joseph*, 976 S.W.2d 572, 580 (Mo. Ct. App. 1998). Defendants do not dispute that Plaintiff adequately pled facts in support of the elements of these claims. . . . Although Plaintiff may not recover duplicative damages, the Federal Rules of Civil Procedure permits him to plead alternative legal theories. See Fed. R. Civ. P. 8(d).

*Rose v. City of St. Louis*, 2019 WL 4602829, at *7 (E.D. Mo. Sept. 23, 2019). The same logic applies here. Plaintiff's IIED claim is plausibly pleaded,[7] and Morrell's argument for dismissal of the IIED claim on these grounds should be rejected.

---

[7] Plaintiff alleges that Morrell's misconduct was extreme and outrageous and was rooted in an abuse of power and authority. *See* Dkt. 1 ¶ 161. He alleges that Morrell interrogated him and physically abused him, in addition to

18

Morrell also argues that Plaintiff has not pleaded the requisite level of injury to sustain an IIED claim. Dkt. 38 at 15-16. This contention has no merit. Plaintiff pleads that, as a result of Morrell's misconduct discussed already, "Irons suffered loss of liberty, great mental anguish, humiliation, degradation, physical and emotional pain and suffering, and other grievous continuing injuries and damages[.] Dkt. 1 ¶ 162. These allegations are sufficient to state a claim for IIED under Missouri law. See, *e.g.*, *Roberts v. Lombardi*, 2014 WL 4230894, at *6-7 (E.D. Mo. Aug. 27, 2014); *Jiang v. Porter*, No. 4:15-CV-1008 (CEJ), 2015 WL 9480478, at *4 (E.D. Mo. Dec. 29, 2015). The motion to dismiss the IIED claim should be denied.

### C. Plaintiff States A Missouri Civil Conspiracy Claim

Morrell argues that Plaintiff's civil conspiracy claim is not adequately pleaded. Dkt. 38 at 19.[8] "A civil conspiracy is an agreement between at least two persons to do an unlawful act, or to use unlawful means to do an act which is lawful." *Hibbs v. Berger*, 430 S.W.3d 296, 320 (Mo. Ct. App. 2014). To state a claim, plaintiff must allege: "(1) two or more persons; (2) with an unlawful objective; (3) after a meeting of the minds; (4) committed at least one act in furtherance of the conspiracy; and (5) [plaintiff] was thereby damaged." *W. Blue Print Co., LLC*, 367 S.W.3d at 22.

As with the § 1983 conspiracy claim, Plaintiff's allegations satisfy each element of a civil conspiracy claim against all Defendants. *See supra* Section IV (explaining that Morrell conspired with Defendants to frame Irons by fabricating evidence, manipulating witnesses, and suppressing exculpatory information). Further, Plaintiff has adequately alleged the underlying tort of malicious prosecution to support bringing a claim for civil conspiracy. *8000 Maryland, LLC v.*

---

fabricating evidence, suppressing evidence, and coercing witnesses to frame him for a crime he did not commit. *See supra* Section I.

[8] In the heading of the same subsection—and nowhere else—he also asserts that this count is duplicative of malicious prosecution claim. *Id.* That argument is undeveloped and forfeited. *See Stuckey*, 255 F.3d at 531.

19

*Huntleigh Fin. Servs. Inc.*, 292 S.W.3d 439, 451 (Mo. Ct. App. 2009). Accordingly, Morrell's motion to dismiss this claim should be denied.

## VII. There Is No Basis to Dismiss the Claims for Attorneys' Fees

Morrell finally argues that the Court should dismiss any claims for attorneys' fees. Dkt. 38 at 20. But Plaintiff alleges federal claims under 42 U.S.C. § 1983, and if he prevails on any of those claims, he is entitled to attorneys' fees pursuant to 42 U.S.C. § 1988. To the extent Morrell is arguing about what a reasonable fee award would be, that topic is premature.

## CONCLUSION

For the foregoing reasons, this Court should deny Defendant Morrell's motion to dismiss.

RESPECTFULLY SUBMITTED,

/s/ Makeba Rutahindurwa
*One of Plaintiff's Attorneys*

Arthur Loevy
Jon Loevy
Anand Swaminathan
Steve Art
Makeba Rutahindurwa
LOEVY & LOEVY
311 N. Aberdeen Street, 3rd Floor
Chicago, Illinois 60607
(312) 243-5900

## CERTIFICATE OF SERVICE

I, Makeba Rutahindurwa, an attorney, hereby certify that on May 11, 2021, the foregoing response was electronically filed, which effected service on all counsel of record.

Respectfully submitted,

/s/ Makeba Rutahindurwa

*One of Plaintiff's Attorneys*