# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JONATHAN IRON | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:21-cv-293-RWS |
| | ) |
| JOHN NESKE, ET AL., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This case is before me on Plaintiff Jonathan Irons' Motion to Appoint a Personal Representative and to Substitute for the Estate of Deceased Defendant Michael Hanlen. ECF No. [44]. For the reasons below, I will deny the Plaintiff's motion.

In his complaint, Plaintiff named the Estate of Michael Hanlen as a defendant. Under Eighth Circuit precedent, state survivorship statutes apply to §1983 claims, like those brought by Plaintiff. See White v. Walsh, 649 F.2d 560, n.4 (8th Cir. 1981).  Pursuant to Mo. Rev. Stat. § 537.020, causes of action for personal injuries survive both the death of the injured party or the death of the person against whom such cause of action is brought. Mo. Rev. Stat. § 537.020. Since the actions brought by Plaintiff are considered personal injury actions, they

survive the death of Defendant Hanlen. See Gray v. Wallace, 319 S.W.2d 582, 585–86 (Mo. 1958).

Even though the claim survives Defendant Hanlen's death, Plaintiff still must name a proper defendant to proceed with the claim.  But in his motion Plaintiff fails to identify a proper defendant to be substituted for the Estate of Michael Hanlen.  Instead Plaintiff requests that I appoint a personal representative, successor in interest, or defendant ad litem to defend the action.  But I do not have the authority to appoint a personal representative or a successor in interest and appointment of a defendant ad litem without additional information would be inappropriate.

As Plaintiff correctly pointed out, Fed. R. Civ. P. 25 does not apply in cases where the defendant died before the complaint was filed. Under § 1988 state statutes can be used to fill in the gaps in federal law. 42 U.S.C. § 1988. Accordingly, Plaintiff points the court to Mo. Rev. State. §§ 537.020 and 537.021. As discussed previously, Mo. Rev. Stat. § 537.020 states that causes of action for personal injuries survive the death of the person against whom the cause of action is brought.  Mo. Rev. Stat. § 537.021, then provides the process by which claims can be brough on behalf of or against a deceased  individual. The statute states,

> "[t]he existence of a cause of action … for a personal
> injury not resulting in death, …which action survives the
> death of the wrongdoer or the person injured, or both,

> shall authorize and require the appointment by a probate division of the circuit court of …
> (2) A personal representative of the estate of a wrongdoer upon the death of such wrongdoer; provided that, if a deceased wrongdoer was insured against liability for damages for wrongdoing and damages may be recovered from the wrongdoer's liability insurer, then the court in which any such cause of action is brought shall appoint at the request of the plaintiff or other interested party a qualified person to be known as a defendant ad litem…"

Mo. Rev. Stat. § 537.021. Pursuant to the language of the statute, a personal representative can only be appointed by a probate court. This is reinforced by the general rule that federal courts do not have subject matter jurisdiction over matters that fall within the "probate exception" to federal jurisdiction. Simmers v. King Cty., No. 221CV00100RAJJRC, 2021 WL 1907820, at *2 (W.D. Wash. May 12, 2021) (citing Marshall v. Marshall, 547 U.S. 293, 298, 126 S. Ct. 1735, 164 L. Ed. 2d 480 (2006)). Appointing a personal representative is the within the purview of the probate system and falls within the probate exception. See Mo. Rev. Stat. § 537.021, cf Simmers, 2021 WL 1907820 at * 2, (holding that the appointment of a personal representative falls squarely withing the purview of the probate exception), Hassanati v. Int'l Lease Fin. Corp., 51 F. Supp. 3d 887, 896 (C.D. Cal. 2014), aff'd sub nom. Hassanati ex rel. Said v. Int'l Lease Fin. Corp., 643 F. App'x 620 (9th Cir. 2016) (collecting cases). Compliance with Mo. Rev. Stat. § 537.021 is necessary for a plaintiff to maintain a cause of action against a deceased defendant after her death. Ellison v. Fry, 437 S.W.3d 762, 772 (Mo. 2014).

Therefore, since I cannot appoint a personal representative for the estate and there is no indication that a personal representative has been appointed in compliance with Mo. Rev. Stat. § 537.021, the Plaintiff's motion must be denied with respect to this request.[1]

In the alternative, Plaintiff requests that I appoint a defendant ad litem. Unlike a personal representative, I do have the authority to appoint defendant ad litem. However, Section 537.021 only "applies when a cause of action accrues first, and the party dies afterward." Wood v. Hudson, 823 S.W.2d 158, 161 (Mo. Ct. App. 1992) (emphasizing that the statue refers to " '[t]he *existence* of a cause of action ... which survives the death of the wrongdoer ....'") (quoting § 537.021.1) (all but first alteration in original). Plaintiff does not indicate when Michael Hanlen died. Since "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated," in this case 2020, it is unclear whether the cause of action had accrued prior to Mr. Hanlen's death. Heck v. Humphrey, 512 U.S. 477,

---

[1] Even if I had the authority to appoint a personal representative, I would be unable to in this case. Under Missouri law "all claims against the estate of a deceased person,…, which are not filed in the probate division, or are not paid by the personal representative, shall become unenforceable and shall be forever barred against the estate, the personal representative, the heirs, devisees and legatees of the decedent one year following the date of the decedent's death…" Mo. Rev. Stat. § 473.444. This includes actions for damages under Mo. Rev. Stat. § 537.020.  See Mo. Rev. Stat. § 537.021. Neither party indicates in their brief when Michael Hanlen died.  If it was more than a year prior to the filing of suit, then claims against the estate or a personal representative are barred.

490, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). Without more information about his date of death it would be inappropriate for me to appoint a defendant ad litem.

Plaintiff's request for the substitution of parties fails for another reason. "[I]nsurance coverage for the deceased wrongdoer is a prerequisite for appointment of a defendant ad litem." McConnell, 860 F.2d at 364; accord Spicer by Spicer v. Jackson by Berra, 853 S.W.2d 402, 403 (Mo. Ct. App. 1993). The Plaintiff has not provided evidence demonstrating that Michael Hanlen was "insured against liability for damages for wrongdoing and damages may be recovered from the wrongdoer's liability insurer." Mo. Rev. Stat. § 537.021(2).  In the interest of justice, I will deny the motion without prejudice and give the plaintiff thirty days to refile the motion with the necessary proof showing that defendant Hanlen was insured against liability for damages for wrongdoing and the Defendant's date of death. The Plaintiff will also be required to provide the name of a proposed defendant ad litem and to describe this individual's qualifications and willingness to act as such.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Appoint a Personal Representative and to Substitute for the Estate of Deceased Defendant Michael Hanlen, ECF No. [44], is denied without prejudice.

**IT IS FURTHER ORDERED** that plaintiff shall have until **July 14, 2021** to file a motion for appointment of a defendant ad litem and substitution including the necessary proof showing that defendant Michael Hanen was insured against liability for damages for wrongdoing and that damages may be recovered from the liability insurer.

**IT IS FURTHER ORDERED** that plaintiff shall, in his motion, also provide the name of a proposed defendant ad litem and describe this individual's qualifications and willingness to act as such.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 14th day of June 2021.