UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JONATHAN IRONS,                      )
                                     )
Plaintiff,                           )
                                     )
v.                                   )          No. 4:21 CV 293 RWS
                                     )
JOHN NESKE, ET AL.,                  )
                                     )
Defendants.                          )

## MEMORANDUM AND ORDER

This matter is before me on Defendant Richard Morrell's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). ECF No. [37]. Plaintiff Jonathan Irons brings claims under 42 U.S.C. § 1983 alleging violations of his First, Fourth, and Fourteenth Amendment rights, as well as supplemental state law claims, against officers of the O'Fallon Police Department and St. Charles County Sheriff's Department, the City of O'Fallon, and St. Charles County for their actions during the investigation and prosecution of Irons for the shooting of Stanley Stotler. For the reasons set forth below, Morrell's motion to dismiss will be granted as to Counts III and VII, and denied as to Counts I, II, IV, VI, and VIII.

## BACKGROUND

On January 14, 1997, Stanley Stotler returned home from work and heard someone in his bedroom closet. He retrieved a gun he kept under his mattress, pointed it toward the closet, and ordered the intruder to come out. When the closet door opened,

the intruder fired a shot, hitting Stotler in the arm. The assailant shot Stotler again in the temple and fled.

The O'Fallon Police Department and St. Charles County Sheriff's Department investigated Stotler's assault. Although investigators collected evidence from the scene, none of it pointed directly to a suspect, so they canvassed the neighborhood. It was during this process that they determined that Irons had been in the neighborhood on the night of Stotler's assault. Irons was later arrested and prosecuted. Irons maintained his innocence throughout his prosecution, but he was convicted of the assault on October 20, 1998, and sentenced to fifty years in prison.

More than twenty years later, compelling evidence was discovered, casting doubt on Irons' conviction. Three new pieces of evidence were used to overturn his conviction: (1) a previously undisclosed exculpatory fingerprint report, (2) an expert report revealing the use of a suggestive photo array, and (3) the existence of previously suppressed evidence of police misconduct by one of the investigators. Based on this evidence, on March 9, 2020, a Missouri court granted Irons' petition for a writ of habeas corpus and vacated his conviction.

Irons now brings claims against the City of O'Fallon, St. Charles County, and several officers who participated in his investigation and prosecution, including Morrell. Irons alleges that Defendants falsified evidence, withheld exculpatory evidence, and conspired against him with the intent of prosecuting and convicting him for Stotler's assault. Irons' complaint includes several claims under § 1983 for

2

violations of his constitutional rights as well as state law claims under Missouri law. Morrell has moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(6) and to strike Irons' request for attorneys' fees regarding his state law claims.

## LEGAL STANDARD

### *Federal Rule of Civil Procedure 12(b)(6)*

In ruling on a motion to dismiss under Rule 12(b)(6), I must accept all factual allegations in the complaint as true and view them most favorably to the plaintiff. Hager v. Arkansas Dept. of Health, 735 F.3d 1009, 1013 (8th Cir. 2013). To survive a motion to dismiss, a plaintiff need not provide "detailed factual allegations" but must provide "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim is plausible on its face when the plaintiff pleads sufficient facts to allow me to draw "the reasonable inference that the defendant is liable for the misconduct alleged." Id.

### *Qualified Immunity*

Qualified immunity shields government officials from civil liability and suit under § 1983 unless their conduct violated "a clearly established constitutional or statutory right of which a reasonable person would have known." Snider v. City of Cape Girardeau, 752 F.3d 1149, 1155 (8th Cir. 2014). An official seeking dismissal under Rule 12(b)(6) based on an assertion qualified immunity must show he is entitled to qualified immunity "on the face of the complaint." Kulkay v. Roy, 847 F.3d 637, 642 (8th Cir. 2017). In determining whether dismissal is appropriate, I must consider:

(1) "'whether the plaintiff has stated a plausible claim for violation of a constitutional or statutory right;'" and (2) "'whether the right was clearly established at the time of the alleged infraction.'" Id. (quoting Hager, 735 F.3d at 1013). An official is entitled to qualified immunity unless both prongs are met. Id.

## DISCUSSION

Morrell argues that Irons' claims against him should be dismissed. His arguments fall into three main categories: (1) failure to state a claim; (2) qualified immunity; and (3) statute of limitations. I will discuss each of these arguments as they apply to Irons' claims against Morrell. But, as an initial matter, I will address Morrell's argument that Irons' group pleading is insufficient under Rule 8(a).

### *Sufficiency of Irons' Group Pleading*

In his memorandum in support of his motion to dismiss, Morrell focuses on the allegations in Irons' complaint that reference him by name while largely discounting allegations against all Defendants. Then, in his reply brief, Morrell argues that such group pleading violates Rule 8(a) and fails to put him on notice of the claims against him. Although Morrell is correct that group pleading is not favored, Irons' complaint does not violate the group pleading standard.

A plaintiff may refer to defendants collectively in a complaint if the complaint provides the defendants with adequate notice of the claims against them. See Anderson v. Waddle, 474 F. Supp. 2d 1116, 1120 (E.D. Mo. 2007); Wilson v. Jones, No. 2:15CV45 CDP, 2016 WL 1624015, at *2 (E.D. Mo. Apr. 25, 2016). When, as in this

4

case, a complaint contains specific allegations of misconduct by the named defendants, differentiating between a defendant, group of defendants, and all defendants satisfies Rule 8(a). See McPherson v. Baltimore Police Dep't, 494 F. Supp. 3d 269, 279–81 (D. Md. 2020); Downing v. Goldman Phipps PLLC, No. 4:13CV206 CDP, 2015 WL 4078198, at *6–7 (E.D. Mo. July 6, 2015).

Irons' complaint provides Morrell with adequate notice of the claims against him. Many of Irons' allegations identify a specific Defendant or group of Defendants that performed the alleged act. See, e.g., Compl. ¶¶ 43, 55, 56, 68. Other allegations state that "Defendants" performed a specific act. See, e.g., Compl. ¶¶ 81–83. It is clear from Irons' complaint that, when he alleges "Defendants" performed an act, he means to implicate all Defendants. Moreover, Irons alleges Morrell participated in the investigation of Stotler's assault, and Irons' complaint contains specific allegations of misconduct by Morrell. See Compl. ¶¶ 17, 20, 68, 72, 73.

Reading Irons' complaint as a whole, I find that he alleges sufficient details to provide Morrell with adequate notice of the claims against him. Therefore, Irons' complaint satisfies Rule 8(a), and I must consider all of Irons' allegations in analyzing Morrell's motion to dismiss.

### Count I: 42 U.S.C. § 1983 – Due Process (Fourteenth Amendment)

In Count I, Irons brings a due process claim against Defendants under § 1983 for violation of his Fourteenth Amendment right to a fair trial. Morrell argues this claim should be dismissed as against him based on failure to state a claim and qualified

immunity.

## Failure to State a Claim

Irons alleges that Defendants, including Morrell, violated his right to a fair trial by: (1) fabricating evidence and failing to correct fabricated evidence known to be false; (2) using unduly suggestive identification procedures to obtain false and unreliable identifications; and (3) deliberately withholding and suppressing exculpatory evidence. Compl. ¶¶ 104–108. Referencing Morrell specifically, Irons alleges he fabricated a police report that falsely claimed that Irons confessed to Stotler's assault and removed a recording of an interrogation in which Irons repeatedly denied any involvement in the crime. Compl. ¶¶ 68, 72, 73. Irons also alleges that the recording was never disclosed, and that Morrell concealed the fact that Irons repeatedly denied any involvement. Compl. ¶¶ 72–73. Morrell argues Irons has failed to state a claim because Irons does not specifically allege that the fabricated confession was used to secure his conviction or that the removed recording would have resulted in his exoneration. I disagree.

Irons has stated a plausible due process claim against Morrell based on fabrication of evidence. Law enforcement officers violate a defendant's right to due process when they use false evidence to secure the defendant's conviction. White v. Smith, 696 F.3d 740, 754 (8th Cir. 2012); see also id. (noting a plaintiff can make out a violation of substantive due process by "offering evidence of a purposeful police conspiracy to manufacture, and the manufacture of, false evidence") (internal quotation

marks omitted). Here, Irons alleges that Morrell fabricated a confession; that Defendants, including Morrell, provided false police reports to prosecutors, which became the basis for charging and prosecuting Irons; and that he was convicted based solely on Defendants' fabricated evidence. Compl. ¶¶ 68, 73, 78, 82. While discovery may reveal that Morrell's report had no effect on Irons' prosecution or conviction, or that Morrell played no role in the fabrication of other evidence, Irons has alleged sufficient facts to raise a reasonable inference that Morrell fabricated evidence to secure Irons' conviction.

Irons has also stated a plausible due process claim against Morrell based on suppression of, or failure to disclose, potentially exculpatory evidence. "An investigating officer violates a defendant's due process rights if the officer fails to disclose or preserve potentially exculpatory evidence in bad faith." Briscoe v. County of St. Louis, Mo., 690 F.3d 1004, 1013 (8th Cir. 2012); see also White v. McKinley, 519 F.3d 806, 813–14 (8th Cir. 2008) (stating Brady protections "extend to actions of … law enforcement officers such as investigating officers"). Here, Irons alleges Morrell removed and never disclosed a recording of an interrogation in which Irons repeatedly denied any involvement in Stotler's assault. Compl. ¶ 72. Irons further alleges that Morrell concealed the fact that he repeatedly denied any involvement and that Morrell participated in deliberately withholding and suppressing exculpatory evidence regarding the crime scene, identification procedures, witness interviews, police reports, and interrogations. Compl. ¶¶ 73, 85, 107. As alleged in Irons'

7

complaint, this misconduct was undertaken "intentionally, with malice, with reckless indifference … and/or in total disregard of the truth and of Irons' innocence." Compl. ¶ 110. These allegations, accepted as true, are sufficient to support a reasonable inference that Morrell suppressed or failed to disclose potentially exculpatory evidence in bad faith.

## Qualified Immunity

Furthermore, Morrell is not entitled to qualified immunity on Irons' due process claim. As discussed above, in determining whether Morrell is entitled to qualified immunity, I must consider: (1) whether Irons has stated a plausible claim for a violation of a constitutional or statutory right; and (2) whether that right was clearly established at the time of the alleged violation. See Kulkay, 847 F.3d at 642. Having determined that Irons has stated a plausible due process claim against Morrell for violation of his Fourteenth Amendment right to a fair trial, I must consider whether such a right was clearly established in 1997 when the events in question occurred.

The Eighth Circuit has stated that "the right to be free from the use of false evidence to secure a conviction was clearly established in 1989." Winslow v. Smith, 696 F.3d 716, 738 (8th Cir. 2012). The Eighth Circuit has also explained that the right to "obtaining fair criminal proceedings" was well-established by Brady v. Maryland, 373 U.S. 83 (1963), where suppression of exculpatory evidence violated due process, and Napue v. Illinois, 360 U.S. 264 (1959), where use of false evidence violated due process. White v. Smith, 696 F.3d at 759. Considering this precedent, I find that the

right to a fair trial, free from the use of false evidence and the suppression of potentially exculpatory evidence, was clearly established in 1997.

Because Irons has stated a plausible due process claim against Morrell for violation of a clearly established right, Morrell's motion to dismiss will be denied as to Count I.

### Count II: 42 U.S.C. § 1983 – Illegal Detention and Prosecution (Forth and Fourteenth Amendments)

In Count II, Irons brings a claim against Defendants under § 1983 for deprivation of his Fourth and Fourteenth Amendment right to be free from illegal detention and prosecution. Morrell asserts three bases for dismissing this claim as against him: (1) the statute of limitations; (2) failure to state a claim; and (3) qualified immunity.

Statute of Limitations

First, Irons' claim is not time-barred. Morrell argues that Irons' Fourth and Fourteenth Amendment claim is analogous to a common law claim for false imprisonment and relies on Wallace v. Kato, 549 U.S. 384 (2007), which held that the limitations period on a § 1983 unlawful arrest claim begins to run when the arrestee is detained pursuant to legal process. Id. at 393. But Irons is attacking his continued detention and eventual prosecution, not his arrest.

This case is more analogous to Manuel v. City of Joliet, Ill., 137 S.Ct. 911 (2017), which held that the Fourth Amendment governs claims for unlawful pretrial detention, even beyond the start of legal process. Id. at 920. On remand, the Seventh

Circuit concluded that the statute of limitations began to run on Manuel's Fourth Amendment claim when he was released from custody. Manuel v. City of Joliet, Ill., 903 F.3d 667, 670 (7th Cir. 2018). A finding that Irons' claim is not time-barred is further supported by McDonough v. Smith, 139 S.Ct. 2149 (2019). In McDonough, the Supreme Court explained that the statute of limitations on a fabricated-evidence claim challenging the validity of a criminal proceeding begins to run "once the criminal proceeding has ended in the defendant's favor, or a resulting conviction has been invalidated." Id. at 2158.

Here, Irons is challenging the validity of the criminal proceedings against him. The statute of limitations on his claim began to run when his conviction was vacated in March 2020. Irons filed his complaint on March 8, 2021, well within Missouri's five-year statute of limitations. See Robinson v. City of Sikeston, Mo., No. 1:19CV41 RLW, 2020 WL 588606, at *5 (E.D. Mo. Feb. 6, 2020).

Failure to State a Claim

Moreover, Irons has stated a plausible claim against Morrell for deprivation of his Fourth and Fourteenth Amendment right to be free from illegal detention and prosecution. Morrell argues that Irons has failed to state a claim because Irons does not specifically allege Morrell had a role in his continued detention. Morrell argues further that dismissal is warranted because malicious prosecution is not punishable under § 1983. In addition, Morrell asserts that, to the extent this claim restates the claim in Count I, it should be stricken.

Pretrial detention can violate the Fourth Amendment "not only when it precedes, but also when it follows, the start of legal process in a criminal case." Manuel, 137 S.Ct. at 918. Indeed, the Fourth Amendment prohibits officials from detaining a person, even after the start of legal process, in the absence of probable cause. Id. at 918. Such a violation can occur, for example, when a judge's probable-cause determination is based on police officers' false statements or fabrications. Id. at 918–19. Further, while the Eighth Circuit has held that "malicious prosecution by itself is not punishable under § 1983," it has "left open the possibility of a malicious prosecution claim under § 1983, as either a Fourth Amendment violation of a substantive right or a procedural due process violation, where plaintiffs have alleged an underlying cognizable constitutional violation." Whitt v. City of St. Louis, No. 4:18-cv-1294-RLW, 2019 WL 3819738, at *3 (E.D. Mo. Aug. 14, 2019).

Reading Irons' complaint as a whole, I find that he has sufficiently alleged a cognizable claim under § 1983 based on the Fourth and Fourteenth Amendments. Irons alleges Morrell fabricated a police report falsely claiming that he confessed to Stotler's assault and provided the report to prosecutors. Compl. ¶¶ 68, 73, 82. He also alleges that Defendants' false police reports became the basis for charging and prosecuting him. Compl. ¶ 82. While it is unclear what role Morrell's report played in the decision to continue to detain and prosecute Irons, or what role Morrell played in the fabrication of other evidence, Irons must only allege facts sufficient to plausibly state a claim for relief.

Irons has alleged sufficient facts to raise a reasonable inference that Morrell fabricated evidence that formed the basis for his continued pretrial detention. If proven, this would be a violation of Irons' right to be free from illegal pretrial detention. See Manuel, 137 S.Ct. at 918–19. Viewing Irons' allegations most favorably to Irons, his illegal prosecution claim may also support a procedural or substantive due process violation. See Whitt, 2019 WL 3819738, at *3–4; Brown v. City of Pine Lawn, Mo., No. 4:17CV01542, 2018 WL 950211, at *5–6 (E.D. Mo. Feb. 20, 2018). See also Weiler v. Purkett, 137 F.3d 1047, 1051 (8th Cir. 1998) (noting it is a violation of substantive due process to engage "in conduct that is so outrageous that it shocks the conscience or otherwise offends judicial notions of fairness, or is offensive to human dignity"). Therefore, Irons has stated a plausible claim against Morrell for deprivation of his Fourth and Fourteenth Amendment right to be free from illegal detention and prosecution.

I also find that this claim should not be stricken as merely a restatement of the claim raised in Count I. While both claims are predicated on the use of fabricated evidence, they are based on separate constitutional rights. So long as Irons alleges sufficient facts to state a claim, he may set out two or more statements of a claim alternatively or hypothetically, either in a single count or separate counts.

## Qualified Immunity

Morrell is also not entitled to qualified immunity on this claim. In arguing that he is entitled to qualified immunity, Morrell largely relies on the fact that the Eighth

Circuit has held that malicious prosecution is not a constitutional tort. However, as noted above, the Eighth Circuit has left the door open for claims of malicious prosecution where the plaintiff alleges an underlying constitutional violation. And Irons' claim is not predicated solely on malicious prosecution. It is premised on Irons' continued detention and prosecution without probable cause as a result of fabricated evidence and other police misconduct.

There should be little doubt that reasonable officers knew at the time of the events in question that it was unconstitutional to fabricate evidence to secure a person's continued detention and prosecution without probable cause. See Hope v. Pelzer, 536 U.S. 730, 741 (2002) (stating "a general constitutional rule" may apply with "obvious clarity to the specific conduct in question'"); McKinley, 519 F.3d at 814 (explaining "the key inquiry" in determining whether a right is clearly established is whether "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted"); Vaughn v. Ruoff, 253 F.3d 1124, 1130 (8th Cir. 2001) ("Even in the complete absence of any decisions involving similar facts, a right can be clearly established if a reasonable public official would have known her conduct was unconstitutional."). At this stage, Morrell is not entitled to qualified immunity on this claim.

Because Irons has stated a plausible claim against Morrell for violation of a clearly established constitutional right, Morrell's motion to dismiss will also be denied as to Count II.

### *Count III: 42 U.S.C. § 1983 – Failure to Intervene*

In Count III, Irons brings a claim against Defendants under § 1983 for failure to intervene to prevent the violation of his constitutional rights. Morrell argues this claim should be dismissed as against him due to (1) failure to state a claim; (2) qualified immunity; and (3) the statute of limitations. Because I find qualified immunity dispositive, Morrell's motion to dismiss will be granted as to Count III.

As of 2012, the Eighth Circuit had not recognized a duty to intervene to prevent constitutional violations other than the use of excessive force. See Livers v. Schenck, 700 F.3d 340, 360 (8th Cir. 2012). And the Eighth Circuit has stated that, "assuming law enforcement officers have a constitutional duty to intervene outside of the excessive force context, such a duty was not clearly established in 2006." Id. Since the alleged constitutional violations described in Irons' complaint occurred before 2006, Morrell is entitled to qualified immunity on this claim.

Irons argues that it is premature to decide the qualified immunity issue at this stage. However, "'unless the plaintiff's allegations state a claim of a violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery.'" Kulkay, 847 F.3d at 646 (quoting Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)).

### *Count IV: 42 U.S.C. § 1983 – Conspiracy to Deprive Constitutional Rights*

In Count IV, Irons brings a claim against Defendants under § 1983 for conspiracy to deprive him of constitutional rights. Morrell argues this claim should be dismissed as against him based on failure to state a claim and qualified immunity.

<u>Failure to State a Claim</u>

Irons has stated a plausible claim against Morrell for conspiracy to deprive him of his constitutional rights. To state a claim for conspiracy under § 1983, a plaintiff must allege "(1) that the defendant conspired with others to deprive him of constitutional rights; (2) that at least one of the alleged co-conspirators engaged in an overt act in furtherance of the conspiracy; and (3) that the overt act injured the plaintiff." <u>McKinley</u>, 519 F.3d at 814. The plaintiff must also allege a deprivation of a constitutional right or privilege. <u>Id.</u>

Here, the second and third element, as well as the requirement of an alleged deprivation of a constitutional right or privilege, have been adequately pleaded as established in earlier sections. The remaining question is whether Irons has sufficiently alleged that Morrell conspired with other Defendants to deprive him of his constitutional rights. Morrell argues Irons has failed to do so because he does not allege that Morrell had a "meeting of the minds" with any other Defendant. While Morrell is correct that the first element requires "allegations of specific facts tending to show a 'meeting of the minds' among the alleged conspirators," <u>Murray v. Lene</u>, 595 F.3d 868, 870 (8th Cir. 2010), Irons' complaint contains such allegations.

Irons alleges Morrell participated in investigating Stotler's assault with other Defendants. Compl. ¶¶ 17, 20. Among other things, Irons alleges that Morrell interrogated him and that, during the interrogation, he repeatedly denied any involvement in Stotler's assault. Compl. ¶¶ 66, 67, 72. He alleges that Morrell removed a recording of the interrogation, which was never disclosed, and fabricated a confession. Compl. ¶¶ 68, 72. He also alleges that another officer similarly fabricated a confession. Compl. ¶¶ 68, 73. In addition, Irons provides detailed allegations suggesting that Defendants, acting in concert, fabricated a forensic report; used a suggestive photo array; gave false statements before trial and false testimony at trial; and manufactured witness statements. Compl. ¶¶ 43, 56, 83, 107.

Reading these allegations in the context of the entire complaint and accepting them as true, I find them sufficient to raise a reasonable inference that Morrell and other Defendants had an agreement or meeting of the minds. See Ferguson v. Short, No. 2:14-cv-04062-NKL, 2014 WL 3925512, at *6–7 (W.D. Mo Aug. 12, 2014).

## Qualified Immunity

Morrell is also not entitled to qualified immunity on this claim. As discussed earlier, Irons has stated plausible claims against Morrell for deprivations of his right to a fair trial and his right to be free from illegal detention and prosecution. Because Morrell is not entitled to qualified immunity on those claims, he is also not entitled to qualified immunity on Irons' § 1983 conspiracy claim. Accordingly, Morrell's motion to dismiss will be denied as to Count IV.

### *Count VI: State Law Claim – Malicious Prosecution*

In Count VI, Irons brings a claim against Defendants for malicious prosecution under Missouri law. Morrell argues this claim should be dismissed as against him for failure to state a claim due to a lack of facts supporting causation of damages. Specifically, Morrell contends this claim should be dismissed because Irons does not allege that Morrell's fabricated report, or the removed recording, caused Irons damage.

To state a claim for malicious prosecution under Missouri law, a plaintiff must plead six elements: "(1) commencement of an earlier suit against plaintiff; (2) instigation of the suit by defendant; (3) termination of the suit in plaintiff's favor; (4) lack of probable cause for the suit; (5) malice by defendant in instituting the suit; and (6) damage to plaintiff resulting from the suit." Edwards v. Gerstein, 237 S.W.3d 580, 582 (Mo. banc 2007). The issue here is whether Irons has sufficiently alleged that Morrell instigated (caused) Irons' prosecution and whether Irons suffered damage as a result.

The test for whether a defendant caused or instigated a prosecution is whether the defendant was "actively instrumental in putting the law in force" against the plaintiff. Hunter v. Karchmer, 285 S.W.2d 918, 929 (Mo. Ct. App. 1955). "While it is true that merely providing honest information from which prosecution ensues is not instigation, liability may arise from supplying false information to the prosecuting official." Meadowfresh Solutions USA, LLC v. Maple Grove Farms, LLC, 586 S.W.3d 329, 353 (Mo. Ct. App. 2019) (internal quotation marks omitted).

17

Irons has sufficiently alleged that Morrell was actively instrumental in putting the law in force against him by supplying false information to prosecutors. Again, Irons alleges Morrell fabricated a confession, supplied that confession to prosecutors, concealed the fact that Irons repeatedly denied any involvement in Stotler's assault, and participated in the fabrication of other evidence. Compl. ¶¶ 68, 72 73, 82, 104. Irons further alleges that Defendants' false police reports became the basis for charging and prosecuting him. Compl. ¶ 82. In addition, Irons alleges that he was arrested, prosecuted, and convicted because of Defendants' misconduct and based solely on Defendants' fabricated evidence. Compl. ¶ 78. These allegations, accepted as true, are sufficient to raise a reasonable inference that Morrell instigated Irons' prosecution.

Irons has also sufficiently alleged that he suffered damage as a result of his prosecution. Irons alleges he was wrongly convicted and sentenced to decades in prison because of defendants' false and manufactured evidence, which caused him a loss of liberty and severe trauma. Compl. ¶¶ 88, 96. He further alleges that he continues to experience humiliation, anxiety, depression, and other extreme physical and psychological pain and suffering. Compl. ¶ 96. These allegations are more than sufficient to plead that Irons suffered damage as a result of his prosecution.

Because Irons has sufficiently alleged that Morrell instigated his prosecution and that he suffered damage as result, Irons has stated a plausible claim against Morrell for malicious prosecution under Missouri law. Accordingly, Morrell's motion to dismiss will be denied as to Count VI.

### Count VII: State Law Claim – Intentional Infliction of Emotional Distress

In Count VII, Irons brings a claim against Defendants for intentional infliction of emotional distress under Missouri law. Morrell argues this claim should be dismissed as against him because (1) Irons has not alleged the necessary elements of such a claim, (2) the claim is subsumed into Irons' state law claim for malicious prosecution, and (3) the claim is barred by the statute of limitations. Because I find Irons has not stated a plausible claim, Morrell's motion to dismiss will be granted as to Count VII.

To state a claim for intentional infliction of emotional distress under Missouri law, a plaintiff must plead "extreme and outrageous conduct by a defendant who intentionally or recklessly causes severe emotional distress that results in bodily harm." Gibson v. Brewer, 952 S.W.2d 239, 249 (Mo. banc 1997). To be actionable, however, the defendant's conduct must have been "'intended only to cause extreme emotional distress to the victim.'" Id. (quoting K.G. v. R.T.R., 918 S.W.2d 795, 799 (Mo. banc 1996)). Indeed, a claim for intentional infliction of emotional distress "will not lie where the alleged conduct is intended to invade other legally protected interests of the plaintiff or intended to cause bodily harm." K.G., 918 S.W.2d at 799.

The allegations in Irons' complaint do not support a reasonable inference that Morrell's actions were intended only to cause Irons extreme emotional distress. In his claim for intentional infliction of emotional distress, Irons incorporates each paragraph of the complaint and alleges that "[t]he actions, omissions, and conduct of Defendants

as set forth above were extreme and outrageous." Compl. ¶ 161. He further alleges that such actions were "undertaken with the intent to cause, or were in reckless disregard of the probability that their conduct would cause, severe emotional distress to Irons." Compl. ¶ 161. However, at no point does he allege that any misconduct by Morrell was solely intended to cause him emotional distress. See Blakeney v. City of Pine Lawn, Mo., No. 4:19-cv-02017-SNLJ, 2020 WL 4569175, at *8 (E.D. Mo. Aug. 7, 2020).

Because Irons has not alleged any misconduct by Morrell that was solely intended to cause him emotional distress, he has failed to state a plausible claim for intentional infliction of emotional distress under Missouri law. See, e.g., id. ("Having failed to allege any misconduct by defendants that was solely intended to cause emotional distress, plaintiff's emotional distress claims … must fail."); Gibson, 952 S.W.2d at 249 (affirming dismissal of plaintiffs' claim because plaintiffs' allegations did not support the inference that defendant's "sole purpose in its conduct" was to invade plaintiffs' "interest in freedom from emotional distress").

### Count VIII: State Law Claim – Civil Conspiracy

In Count VIII, Irons brings a claim against Defendants for civil conspiracy under Missouri law. Morrell maintains that this claim should be dismissed for failure to state a claim, referencing his argument regarding Irons' § 1983 conspiracy claim.

To state a claim for civil conspiracy under Missouri law, a plaintiff must allege that "'(1) two or more persons; (2) with an unlawful objective; (3) after a meeting of the minds; (4) committed at least one act in furtherance of the conspiracy; and (5) the

20

plaintiff was thereby injured.'" <u>Moses.com Securities, Inc. v. Comprehensive Software Systems, Inc.</u>, 406 F.3d 1052, 1063 (8th Cir. 2005) (quoting <u>Phelps v. Bross</u>, 73 S.W.3d 651, 657 (Mo. Ct. App. 2002)). "To be actionable, the conspiracy must have resulted in at least one underlying right of action." <u>Weisman v. Barnes Jewish Hosp.</u>, No. 4:19-cv-00075-JAR, 2020 WL 2800469, at *21 (E.D. Mo. May 29, 2020) (citing <u>Gettings v. Farr</u>, 41 S.W.3d 539, 541–42 (Mo. Ct. App. 2001)).

Irons has sufficiently alleged a civil conspiracy among Defendants, including Morrell, as well as an underlying right of action. As discussed earlier, Irons has alleged sufficient facts to raise a reasonable inference that Morrell and other Defendants had a meeting of the minds; that Defendants had an unlawful objective; and that Defendants committed overt acts in furtherance of that objective. Irons has also sufficiently alleged that he was injured by Defendants' overt acts. Moreover, as discussed above, Irons has stated a plausible claim against Morrell for an underlying right of action—malicious prosecution. Accepting Irons' factual allegations as true, I find that he has stated a plausible claim for civil conspiracy under Missouri law. As a result, Morrell's motion to dismiss will be denied as to Count VIII.

### *Irons' Request for Attorneys' Fees*

At the end of his complaint, Irons makes a blanket request for damages and attorneys' fees. Morrell argues that Irons' request for attorneys' fees regarding his state law claims should be stricken. Irons responds that, under § 1988, he is entitled to attorneys' fees if he prevails on any federal claims. Though I recognize that Irons would

21

be entitled to reasonable attorneys' fees were he to prevail on some claims but not others, I find Morrell's request unwarranted at this stage. Should Irons prevail on a federal claim, the issue of reasonable attorneys' fees can be addressed at that time. Morrell's motion to strike will be denied.

## CONCLUSION

For the foregoing reasons, Morrell's motion will be granted in part and denied in part.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Richard Morrell's motion to dismiss [37] is **GRANTED** as to Counts III and VII and **DENIED** as to Counts I, II, IV, VI, and VIII.

**IT IS FURTHER ORDERED** that Defendant Richard Morrell's motion to strike Plaintiff Jonathan Irons' request for attorneys' fees [37] is **DENIED** without prejudice.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 15th day of September 2021.